Filed 7/8/26  P. v. Rivera CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSE JONATHAN RIVERA,<br><br>    Defendant and Appellant. | G065731<br><br>(Super. Ct. No. 24WF0681)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Lance P. Jensen and Larry Yellin, Judges. Affirmed.

Charles Thomas Anderson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

On July 3, 2025, Jose Rivera pled guilty to transportation of a controlled substance for the purpose of sale (Health and Saf. Code, § 11379, subd. (a)), possession a controlled substance for the purpose of sale (Health and Saf. Code, § 11378), possession of a controlled substance with a firearm (Health and Saf. Code, § 11370.1, subd. (a)), and carrying a loaded unregistered firearm in public (Pen. Code, § 25850, subds. (a), (c)(6). The trial court suspended imposition of sentence, placed him on formal supervised probation, and ordered him to serve 365 days in jail.

We appointed counsel to represent Rivera on appeal. Counsel filed a brief summarizing the proceedings and facts of the case and advised the court he found no arguable issues to assert on Rivera's behalf. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738.) To assist us in our independent review, counsel suggested we consider (1) whether Rivera established a reasonable expectation of privacy in the vehicle police searched sufficient to challenge the legality of the search, and (2) whether the police search was conducted pursuant to a lawful decision to impound the vehicle and inventory its contents.

Counsel and this court notified Rivera he could file a supplemental brief on his own behalf. However, this court did not receive a supplemental brief from him, and the time to file one has passed.

We have independently reviewed the entire record as required under *Anders, supra,* 386 U.S. 738 and *Wende, supra*, 25 Cal.3d 436, and we have found no arguable issues on appeal. Therefore, we affirm the judgment.

FACTS

On May 11, 2021, at approximately 3:13 p.m., a Garden Grove police officer and his partner stopped a vehicle because of its tinted windows. Once the driver pulled the vehicle over, she stepped out of the vehicle, closed

the door behind her, and walked towards the police officers with a cell phone in her hand. When an officer noticed there was a passenger, Rivera, in the vehicle, he asked the driver to get back into the vehicle. The driver told officers the passenger was her boyfriend. The officers issued commands, and the driver and Rivera engaged in a five-minute discussion where the officers asked the driver and Rivera to roll the windows down, but the driver and Rivera refused to comply. During this time, the officers could not clearly see what Rivera was doing in the vehicle because the windows were tinted. They could see him moving around because the windows were not pitch black. At one point during the discussion, Rivera slightly opened the passenger door and then closed it. The driver and Rivera ultimately exited the vehicle. The officers arrested the driver and detained Rivera.

Because the vehicle was parked in a high-crime area, officers decided to have the vehicle towed. Officers knew the area was prone to thefts and vehicle thefts, knew of shootings and vehicle thefts that had occurred there, and had been in the general area responding to suspected criminal activity over a hundred times. Before the towing, officers searched the vehicle for inventory purposes. During the search, officers discovered a large amount of methamphetamine and a scale in the glove box. Officers also found baggies and packaging in the rear seat area, along with a firearm in the storage compartment behind the driver's seat. The gun was operable, loaded, and did not have a serial number on it. Officers then discovered over 70 Xanax pills in the center console.

Based on what they uncovered during the search, the officers believed the driver was distracting them from Rivera hiding contraband in the vehicle. The officers had observed Rivera moving around the vehicle, and a majority of the contraband was found within arm's reach of where he was

3

sitting. Specifically, the gun behind the driver's seat would have been easier for Rivera to access than the driver. Additionally, the glove box was directly in front of Rivera. Based upon these facts, officers decided to arrest Rivera. During the arrest, officers found over $3,000 on Rivera's person. The money was in different denominations, which indicated to officers it was used in drug sales.

The April 23, 2025, refiled operative information charged Rivera with transportation of a controlled substance for the purpose of sale (Health and Saf. Code, § 11379, subd. (a), count 1), possession a controlled substance for the purpose of sale (Health and Saf. Code, § 11378, count 2), possession of a controlled substance with a firearm (Health and Saf. Code, § 11370.1, subd. (a), count 3), and carrying a loaded unregistered firearm in public (Pen. Code, § 25850, subds. (a), (c)(6), count 4).

On July 3, 2025, Rivera pled guilty to the four counts charged against him and admitted the factors in aggravation. The trial court sentenced Rivera to 365 days in county jail, suspended imposition of the sentence, and placed Rivera on probation for two years.

Rivera timely appealed.

DISCUSSION

As indicated above, counsel noted two issues for our consideration. We address those issues in order.

First, Rivera did not establish a reasonable expectation of privacy in the vehicle officers searched sufficient to challenge the search's legality. "Fourth Amendment rights are personal rights which, like other constitutional rights, may not be vicariously asserted." (*Alderman v. United States* (1969) 394 U.S. 165, 174.) "The established principle is that suppression of the product of a Fourth Amendment violation can be

4

successfully urged only by those whose rights were violated by the search itself, not by those who are aggrieved solely by the introduction of damaging evidence. Coconspirators and codefendants have been accorded no special standing." (*Id.* at pp. 171–172.) The California Supreme Court thus has held that "[a] passenger in a vehicle may not challenge the seizure of evidence from the vehicle if the passenger asserts 'neither a property nor a possessory interest in the automobile nor an interest in the property seized.'" (*People v. Valdez* (2004) 32 Cal.4th 73, 122.) As a passenger in a vehicle in which he had no possessory interest, Rivera had no expectation of privacy that would permit him to challenge the legality of the search of that vehicle.

Second, regardless of whether Rivera had a possessory interest in the vehicle, the police search was conducted pursuant to a lawful decision to impound the vehicle and inventory its contents. Law enforcement officers often perform so-called community caretaking functions related to vehicles, including impounding them if they pose threats to public safety—for example, because they are at risk of theft or vandalism. (*People v. Lee* (2019) 40 Cal.App.5th 853, 867.) "'When vehicles are impounded,' "that is, seized, "'local police departments generally follow a routine practice of securing and inventorying the automobiles' contents.'" (*People v. Duong* (2020) 10 Cal.5th 36, 52.) "These procedures developed in response to three distinct needs: the protection of the owner's property while it remains in police custody, [citation]; the protection of the police against claims or disputes over lost or stolen property, [citation]; and the protection of the police from potential danger, [citation]." (*South Dakota v. Opperman* (1976) 428 U.S. 364, 369.) These inventory searches are "a well-defined exception to the Fourth Amendment's warrant requirement." (*People v. Lee* (2019) 40 Cal.App.5th 853, 867.) However, "'an inventory search must not be a ruse for a general

rummaging in order to discover incriminating evidence. The policy or practice governing inventory searches should be designed to produce an inventory.'" (*People v. Torres* (2010) 188 Cal.App.4th 775, 788.) Here, the officer who authorized the tow testified he did so because the area where the vehicle was parked was a high-crime area where he knew other vehicles had been stolen. There was no evidence the officer had any investigatory motive when he impounded the vehicle.

Our independent review of the entire record does not show the existence of an arguable issue. (*Wende, supra*, 25 Cal.3d at pp. 442–443.)

DISPOSITION

The judgment is affirmed.

DELANEY, J.

WE CONCUR:

MOORE, ACTING P. J.

SCHWARM, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.